# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| SCOTT CANFIELD, | ) |
|     Plaintiff, | ) ) ) |
| v. | )   Case No. CV410-086 |
| DENNY'S RESTAURANT, *Richmond Hill, Ga.*; JENIFER NEWTON, *Owner*; and PAUL WILLIAMS, *Manager*, | ) ) ) ) ) |
|     Defendants.[1] | ) |

## REPORT AND RECOMMENDATION

Scott Canfield, currently incarcerated at the Chatham County Detention Center, has filed a 42 U.S.C. § 1983 civil rights complaint relating to events that occurred in 2008. (Doc. 1.) The Court granted Canfield leave to proceed in forma pauperis on the condition that he return a Prisoner Trust Account Statement form and a Consent to Collection of Fees from Trust Account form. (Doc. 3.) He has returned

---

[1] Initially, Canfield named Jenifer "Williams" as a defendant in this case. (Doc. 1 at 1.) He has since explained in a letter to the Clerk that her name should be Jenifer "Newton." (Doc. 6.) The Court construes Canfield's letter as a motion to amend, which is **GRANTED**. The Clerk is **DIRECTED** to amend the docket to reflect Newton's proper name.

the two forms, so the case is ready to proceed. (Docs. 4 & 5.)

The Prison Litigation Reform Act ("PLRA") requires federal courts to conduct early screening of all prisoner suits against governmental entities or officials for the purpose of identifying claims that are subject to immediate dismissal as frivolous, malicious, or legally insufficient. 28 U.S.C. § 1915A (courts must identify "cognizable claims" filed by prisoners or other detainees and dismiss claims which are frivolous, malicious, fail to state a claim for relief, or seek monetary relief from a defendant immune from such relief); *see also* 42 U.S.C. § 1997e(c)(2) (allowing dismissal on the same four standards provided by § 1915A as to any prisoner suit brought "with respect to prison conditions"). The Court must therefore examine the complaint to determine whether it states a colorable claim for relief.

Canfield states that he started work at Denny's on April 7, 2008, but after putting in about 50 hours, he was arrested on April 18, 2008, and his van was impounded by Devo's Towing Company. (Doc. 1 at 5.) Since he was homeless, all of his worldly possessions were kept in his van, including several priceless heirlooms. (*Id.* at 6.) After he was

denied bond, he asked a deputy sheriff to call Denny's to ask Jenifer Newton "and/or" Paul Williams to forward his paycheck to the jail, so he could sign it over to his brother in order to pull his van out of impound. (*Id.*) After making the phone call, the deputy conveyed to Canfield that Denny's would not pay him since he "never produced 2 peice's [sic] of I.D., which was a blatant lie!" (*Id.* at 7.) Because Denny's, Newton, and Williams denied him his paycheck and hindered him from retrieving his property, he requests $250,000 in damages. (*Id.* at 8.) He also seeks to make this a class action allowing any member of the Detroit Redwing Association to join the suit, since some of the items lost in the van included Redwings heirlooms handed down by his grandfather, a Redwings player. (*Id.* at 6, 8.)

The named defendants are private citizens and a corporation. Canfield has not alleged any facts indicating that any of the defendants are state actors for § 1983 purposes or acted in collusion with any state official. In order to prevail in a § 1983 action, a plaintiff must establish both a violation of a right secured by the Constitution or laws of the United States and demonstrate that the alleged violation was committed

by a person acting under color of state law.[2] *Bannum, Inc. v. City of Ft. Lauderdale*, 901 F.2d 989, 996-97 (11th Cir. 1990); *see* 42 U.S.C. § 1983. Accordingly, this case should be **DISMISSED WITH PREJUDICE**.[3]

**SO REPORTED AND RECOMMENDED** this __4th__ day of June, 2010.

/s/ JRSmith
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT of GEORGIA

---

[2] He notes that Detective Strickland "is friends with Jenifer [Newton] & Paul Williams and eats at Denny's on a regular basis", but he offers no facts showing any sort of conspiracy or entanglement with the state that would justify a finding that the defendants were acting under color of state law.

[3] Were the Court to construe this as a general civil diversity suit, it would still fail since Canfield, Newton, and Williams are all presumably Georgia residents. *See* 28 U.S.C. § 1332(a). It is not enough that Denny's may be a foreign company. Canfield must show "complete" diversity -- no plaintiff may share the same state citizenship with any defendant. *See Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806).

4